IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JANE DOE 1, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:17-cv-00080 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | ECF No. 55 |
| JOSHUA REBER., | ) | |
| | ) | |
| Defendant | ) | |

| JANE DOE, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:17-cv-00081 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | ECF No. 55 |
| JOSHUA REBER., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiffs Jane Doe 1 and Jane Doe ("Plaintiffs") bring two separate actions against Defendant Joshua Reber under 42 U.S.C. § 1983, alleging violations of the Civil Rights Act of 1871 and the prohibition of the cruel and unusual punishment clause of the Eighth Amendment, as well as intentional infliction of emotional distress. Plaintiffs have filed a joint Motion to consolidate their cases pursuant to Federal Rule of Civil Procedure 42(a). (ECF No. 55.) For the following reasons, Plaintiffs' Motion to Consolidate will be granted.

I. **Background**

Jane Doe 1 filed her Complaint against Defendant as well as other correctional officers and officials on January 26, 2017. (ECF No. 5, C.A. 17-00080) Jane Doe filed her Complaint

against the same defendants on January 27, 2017. (ECF No. 5, under docket 17-00081.) The Plaintiffs' claims against the other defendants have been settled. The parties agreed to consolidate both actions for discovery purposes. Plaintiffs filed their joint Motion for Consolidation for trial on November 12, 2018. (ECF No. 55, under docket 17-00080.) Defendant filed his pro se memorandum in opposition to the motion on November 28, 2018. (ECF No. 56, under docket 17-00080.) All parties have agreed to proceed to trial before this court without a jury.

## II. Legal Standard

Under Rule 42(a) of the Federal Rules of Civil Procedure,

> **(a)** If actions before the court involve a common question of law or fact, the court may:
>
> **1)** join for hearing or trial any or all matters at issue in the actions;
>
> **2)** consolidate the actions; or
>
> **3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The power given to a federal court to consolidate actions involving a common question of law or fact is purely discretionary. Watkinson v. Great Atl. & Pac. Tea Co., 585 F. Supp. 879, 883 (E.D. Pa. 1984). "In deciding whether to order consolidation, a trial court must balance probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983). Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. Endress v. Gentiva Health Servs., Inc., 278 F.R.D. 78, 81 (E.D.N.Y. 2011). Consolidation does not merge actions into a single cause, or change the rights of the

parties, or make those who are parties in one suit parties in another. Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944, 950 n. 6 (2d Cir. 1964), *certiorari denied* 84 S.Ct. 1338, 377 U.S. 934, 12 L.Ed.2d 298.

### III. Analysis

Plaintiffs each make identical claims against Defendant. The first claim is for violating the Civil Rights Act of 1871 and the prohibition against cruel and unusual punishment under the Eighth Amendment, based on allegations that Defendant repeatedly coerced each Plaintiff into performing sexual acts and sexual intercourse while she was incarcerated at the Allegheny County Jail. They also each claim intentional infliction of emotional distress based on the same allegations.

In support of their Motion, Plaintiffs argue that in both of their cases, their allegations against Defendant involve common questions of fact and law. (ECF No. 55, p. 2.) They contend that they make identical claims against Defendant based on allegations that Defendant coerced them into submitting to, or performing, sexual acts while they were incarcerated in the Allegheny County Jail while Defendant was their guard. Id. They make identical claims for relief and for damages against Defendant. Id., at p. 3. Plaintiffs argue that in both cases, a trial would require the same witnesses to testify, including several former female inmates who were incarcerated at the same time as the Plaintiffs, as well as county officials. Id., at p. 4. Consolidating the two cases for trial, Plaintiffs maintain, would reduce the inconvenience, delay, and expense for the Plaintiffs, their witnesses, and Defendant. Separate trials carry the risk of inconsistent results and prejudice to the Plaintiff in the second trial in case any of the witnesses that testified in the first trial would be unavailable. Id.

3

Defendant opposes the Motion by arguing that it makes no difference whether county officials are subpoenaed once or twice for a trial—they are obligated to comply. (ECF No. 56, pp. 2-3.) Defendant also claims that if the two cases were to be consolidated, it will "undoubtedly cause a leakage of facts from one case into the other." Id. at p. 3. In fact, Defendant maintains that keeping the cases separate will leave little or no evidence to support Jane Doe 1's claims. Id. As such, Defendant argues, it would be prejudicial to him if the court permits consolidation.

Courts have found consolidation to be appropriate when the actions have at least one party in common, the facts are similar, and the issues at stake are identical or nearly identical. See Moore v. Am. Telephone and Telegraph Communications, Inc., No. 85 Civ. 4028, 1990 WL 250145, *3 (S.D.N.Y. December 21, 1990) (citing Miller v. United States Postal Service, 729 F.2d 1033, 1036 (5th Cir.1984) (same plaintiff sued the same defendants in two separate actions which were consolidated)); Garnett-Bishop v. New York Community Bancorp, Inc., 299 F.R.D. 1 (E.D.N.Y. 2014) (consolidation found appropriate for five separate actions by twenty-seven plaintiffs suing the same group of defendants for employment discrimination, when the cases involve almost identical questions of law and fact). Common witnesses are also a factor that courts consider when deciding whether to consolidate cases with common issues of fact and law. See Linton v. Angie's Inc., 288 F.R.D. 432 (D.S.D. 2012)(consolidation of an employee and her co-worker's actions found appropriate where both employee's and co-worker's causes of action arose out their employment at same casino and centered around alleged inappropriate behavior of their manager, where the parties were nearly identical in each action, and several of the witnesses were the same in both actions).

Courts have found consolidation to be inappropriate when it will adversely affect the rights of the parties. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933). Examples of prejudice precluding consolidation include: (1) a party losing state-law claims or forcing parties to litigate state-law claims in state court. See, e.g., Liberty Media Corp. v. Vivendi Universal S.A., 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012); (2) when there is the possibility of jury confusion. See, e.g., Bernardi v. Scranton, 101 FRD 411, 414 (M.D. Pa, 1983) ("because of the discrete factual backgrounds with respect to each plaintiff and the additional legal theories set forth by plaintiff Bernardi, the likelihood of confusion in the minds of the jurors outweighs the benefit of any possible convenience or economy to be obtained from consolidation"); (3) when prejudicial information may be disclosed to the jury. See, e.g., Arnold v. Eastern Air Lines Inc., 712 F. 2d 899, 907 (4th Cir. 1983) (testimony as to concurrent insurance settlements in front of jury during liability phase of trial found highly prejudicial and abuse of discretion); see also Bradley v. Soo L.F. Co., 88 F.R.D. 307, 310 (E.D. Wis. 1980) (consolidation of two cases by plaintiff against his employer denied because jury would be prejudiced by learning of second claim).

Where there are no common defendants, and/or different factual backgrounds giving rise to different legal theories and claims for relief, courts have denied consolidation. See Mabry v. Village Mgmt, Inc. 109 F.R.D. 76 (N.D. Ill. 1985) (consolidation of housing discrimination cases denied because one involved a systemic pattern of housing discrimination fostered by the CHA and HUD, while the another involved a particular instance of alleged discrimination by a Section 8 housing owner in its tenant-selection criteria); see also Bernardi v. Scranton, 101 F.R.D. 411 (M.D. Pa 1983) (actions by former city employees, who asserted that their respective discharges from their employment by the city violated their rights under state and federal law, were found

5

not to be proper for consolidation under Rule 42(a), since the factual background of the two cases differed, and the legal theories differed as well); see also Webb v. Goord, 197 F.R.D. 98 (S.D.N.Y. 2000) (prisoners' § 1983 action grounded on alleged failure of prison officials to protect prisoners from assaults by corrections officers and other inmates and denial of adequate medical treatment would not be consolidated with six other actions brought by some of the plaintiff prisoners in other districts, despite similarity among the type of incidents prisoners sought to combine, where, *inter alia*, the other cases entailed different events occurring at different times and at different facilities and involving different defendants and different conduct).

In the present situation, the circumstances of the two cases support consolidation. The cases share the same defendant, the fact patterns are similar, the questions of law are the same, and there are witnesses in common. It would be efficient and cost-saving for all parties involved to consolidate the cases, with little if any prejudice to Defendant.

Both Plaintiffs allege in their Complaints a course of conduct by Defendant toward them that are similar, from initially flirting with them at the guard desk, to encounters that escalated in intensity under coercion, to rewarding them with cigarettes and hand lotion for the sexual encounters. (ECF No. 5, C.A. 17-00080, ¶¶ 28-34; ECF No. 5, C.A. 17-00081, ¶¶ 28-42.) As these are allegations against the same and only defendant, it would serve judicial expediency to consolidate the two trials. Additionally, Plaintiffs are suing on the same legal basis, namely that Defendant's actions violated the cruel and unusual punishment clause of the Eighth Amendment as well as constituted intentional infliction of emotional distress.

Plaintiffs claim that their trials would require the testimony of the same witnesses, including several former female inmates who have knowledge of the allegations against

Defendant, as well as Allegheny County Police Inspector William Palmer, who would have to appear via subpoena. (ECF No. 55, pp.3-4.) Defendant counters that it makes no difference to a county official whether they are subpoenaed once or twice but does not address the potential inconvenience to the former female inmates. The Court finds that consolidating the cases saves time and costs for all witnesses involved.

Defendant contends that the evidence collected from one criminal trial as to Jane Doe should not be allowed to contaminate the civil trial as to Jane Doe 1. In fact, Defendant claims, if the evidence in support of Jane Doe's case were to be kept separate from Jane Doe 1's case, Jane Doe 1 would have little to no evidence to support her claims. (ECF No. 56, p. 3.) In short, Defendant fears that the weight of the evidence in one case would be prejudicial to Defendant if allowed to be presented in a consolidated trial with the other case.

Although at this point the court makes no determination as to the weight of the evidence in each case, this is a legitimate concern. However, case law supports Defendant's position only for jury trials—where there is the possibility of jurors confusing events and testimony in one case with those in the other, or jurors allowing the evidence in one case to color their view of the other. The fear of contaminating a jury is not present here, as the trial would be non-jury and the same judge will hear both cases, even if they are not consolidated. The evidence and merits for each case would be weighed solely in relation to that case, despite a consolidated trial. A judicial officer will be able to separate evidence as to each of the Plaintiffs. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Garnett-Bishop v. New York Cmty. Bancorp, Inc., 299 F.R.D. 1, 6 (E.D.N.Y. 2014) (citing Primavera Familienstuftung v. Askin, 173 F.R.D. 115, 130 (S.D.N.Y. 1997)). The Court finds that any potential for prejudice to Defendant is slight and

outweighed by the overlap of issues and witnesses as well as the fact that the case will be tried non-jury.

IV. **CONCLUSION**

For the aforementioned reasons, Plaintiffs' Motion to Consolidate (ECF No. 55) Civil Action Numbers 2:17-cv-00080 and 2:17-cv-00081 for trial shall be granted.

Dated: February 8, 2019.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: JOSHUA T. REBER
103 Sandhurst Drive
Pittsburgh, PA 15241
*Pro se*

Counsel for Plaintiffs
*Via CM/ECF Electronic Mail*